IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FELIX HERNANDEZ CISNEROS,        §
TDCJ No. 1828976,                §
                                 §
            Petitioner,          §
                                 §
V.                               §        No. 3:23-cv-470-X-BN
                                 §
DIRECTOR, TDCJ-CID,              §
                                 §
            Respondent.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Felix Hernandez Cisneros, a Texas prisoner, filed a *pro se*
application for a writ of habeas corpus under 28 U.S.C. § 2254 collaterally attacking
his 2012 Dallas County conviction for aggravated sexual assault with a deadly
weapon and life sentence. *See* Dkt. No. 3.

United States District Judge Brantley Starr referred the Section 2254
application to the undersigned United States magistrate judge for pretrial
management under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and
recommendation that, under the circumstances here and for the reasons set out
below, the Court should dismiss this federal habeas challenge with prejudice as time
barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

**Legal Standards**

Habeas Rule 4 allows a district court to summarily dismiss a habeas
application "if it plainly appears from the face of the petition and any exhibits

annexed to it that the petitioner is not entitled to relief in the district court." *Id.*; *see also Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes)).

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Under the circumstances here, these findings, conclusions, and recommendation provide Petitioner fair notice, and the opportunity to file objections to them (further explained below) affords a chance to present to the Court his position as to the limitations concerns explained below. *See, e.g., Ingram v. Dir., TDCJ-CID,*

No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not

qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam) (citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

## Analysis

The timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the state criminal judgment became final. Such a judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Petitioner acknowledges that Subsection A applies here. *See* Dkt. No. 3 at 13. He filed a direct appeal, and his conviction and sentence were affirmed on June 25, 2014. *See Cisneros v. State*, No. 05-12-01532-CR, 2014 WL 2921697 (Tex. App. – Dallas June 25, 2014, no pet.). He did not file a timely petition for discretionary review (PDR) in the Texas Court of Criminal Appeals (CCA), *see* TEX. R. APP. P. 68.2, and, years later, the CCA denied his motion for leave to file an out-of-time PDR, *see Cisneros v. State*, PD-1142-17 (Tex. Crim. App. Oct. 20, 2017).

So Petitioner's state criminal judgment "became final for federal limitations purposes 'upon the expiration of the time for seeking further review through the filing of a PDR.'" *Macon v. Davis*, No. 3:15-cv-855-D-BN, 2016 WL 7496180, at *3 (N.D. Tex. Nov. 14, 2016) (quoting *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing, in turn, *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003))), *rec. adopted*, 2016 WL 7491848 (N.D. Tex. Dec. 30, 2016) – "which was thirty days after the Dallas Court of Appeals affirmed his conviction," or on July 25, 2014, *id.* (cleaned up; citing *Flores v. Quarterman*, 467 F.3d 484, 485-86

(5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); TEX. R. APP. P. 68.2).

Petitioner claims (but offers no proof) that he filed a state habeas application on April 7, 2015. *See* Dkt. No. 3 at 13. Related to this claim, Petitioner sought leave for mandamus relief in the CCA:

> Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he filed an application for a writ of habeas corpus in the 291st District Court of Dallas County, that more than 35 days have elapsed, and that the application has not yet been forwarded to this Court.
>
> In these circumstances, additional facts are needed. Respondent, the District Clerk of Dallas County, is ordered to file a response, which may be made by submitting the record on such habeas corpus application, submitting a copy of a timely filed order which designates issues to be investigated, or stating that Relator has not filed an application for a writ of habeas corpus in Dallas County. Should the response include an order designating issues, proof of the date the district attorney's office was served with the habeas application shall also be submitted with the response. This application for leave to file a writ of mandamus shall be held in abeyance until Respondent has submitted the appropriate response. Such response shall be submitted within 30 days of the date of this order.

*In re Cisneros*, WR-84,290-01, 2015 WL 9182495, at *1 (Tex. Crim. App. Dec. 16, 2015) (per curiam) (citation omitted).

The District Clerk responded the same day: "in the above entitled and referenced cause, the Dallas County District Clerk's Office, has not received Writ Application for the above case number in our office as of October 16, 2015." And the CCA denied without written order Petitioner's motion for leave to file an application for mandamus on January 13, 2016, as Petitioner acknowledges in the Section 2254 application. *See* Dkt. No. 3 at 14.

Petitioner next sought federal habeas relief in March 2017, and that petition was denied as unexhausted in December 2017. *See Cisneros v. Davis*, No. 3:17-cv-795-

N-BH (N.D. Tex. Dec. 28, 2017); Dkt. No. 3 at 14.

He then sought leave to file a successive federal habeas application in the United States Court of Appeals for the Fifth Circuit, a request that was denied as not necessary. *See In re Cisneros*, No. 18-10027 (5th Cir. Apr. 18, 2018); Dkt. No. 3 at 14.

Petitioner next explains that "[f]rom March 8, 2018 through the beginning of COVID on April, 2020 [he] diligently sought assistance from other inmates to file an 11.07 writ to exhaust state remedies. Most inmates were busy with … their own legal matters and could not assist Petitioner; others expected to be financially recompensed for their assistance, finances which Petitioner did not have." Dkt. No. 3 at 14-15.

He ultimately filed his first state habeas petition in 2022. And the CCA denied it at the end of that year "without written order on the findings of the trial court without a hearing and on [an] independent review of the record." *Ex parte Cisneros*, WR-84,290-02 (Tex. Crim. App. Dec. 14, 2022).

This timeline establishes several things. First, no properly filed application for state post-conviction or other collateral review tolled the limitations period under Section 2244(d)(2), because no such application was filed within one year of Petitioner's state conviction and sentence becoming final on July 25, 2014. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

In this regard, the CCA rejected Petitioner's contention that, in April 2015, he filed a state habeas application in Dallas County where "the burden is on the *pro se* prisoner to demonstrate that his pleadings were properly submitted for filing in a timely manner." *Salazar v. Lumpkin*, No. SA-19-CA-01489-FB, 2022 WL 875915, at

*3 (N.D. Tex. Mar. 24, 2022) (citing *United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019)); *cf. Pryor v. Stephens*, 624 F. App'x 230, 230 (5th Cir. 2015) (per curiam) ("The record contains no proof that Pryor filed a second state habeas application, much less a properly-filed application that tolled the limitations period under § 2244(d)(2).... Pryor has never submitted the application, and the assertions made in this court, offered as proof of such a filing, are too vague to show he properly filed a second state habeas application." (citation omitted)).

Next, neither Petitioner's request for mandamus relief in the CCA in 2015 through 2016 nor his effort to obtain Section 2254 relief in federal court in 2017 and in 2018 can qualify as applications for other collateral review that could toll the limitations period. *See Charleston v. Quarterman*, 243 F. App'x 859, 860 (5th Cir. 2007) (per curiam) ("[A] mandamus petition [that does] not seek review of the judgment pursuant to which [a petitioner] is incarcerated [does] not constitute 'other collateral review' for purposes of 28 U.S.C. § 2244(d)(2) and [therefore does] not toll the limitation period." (citing *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002))); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore [does] not toll the limitation period during the pendency of [a] federal habeas petition.").

So the first attempt at tolling under Section 2244(d)(2) was in 2022, more than six years after the deadline to seek federal habeas relief under Subsection A.

The timeline further establishes neither prong of equitable tolling – that Petitioner pursued his rights with reasonable diligence and that an extraordinary circumstance beyond his control prevented his timely filing of the federal petition. That is because "common problems of inmates who are trying to pursue postconviction habeas relief" do not alone – or even in the aggregate – justify equitable tolling. *Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at \*2 (N.D. Tex. Jan. 17, 2014) ("It is well settled ... that a petitioner's *pro se* status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999))); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling." (citing *Felder*, 204 F.3d at 171-72; *Scott*, 227 F.3d at 263 & n.3)); *Zepeda v. Stephens*, No. 3:14-cv-2072-B, 2015 WL 105165, at \*3 (N.D. Tex. Jan. 6, 2015) ("Petitioner's *pro se* status, lack of legal training, or ignorance of the law do not justify equitable tolling. His conclusory claim that he did not have adequate access to a law library does not show he is entitled to equitable tolling. And whether claims have merit is not a factor in determining equitable tolling. Petitioner has not shown he is entitled to equitable tolling." (citing *Felder*, 204 F.3d at 171-72)).

- 10 -

Next, while Petitioner does not argue that he is actually innocent, he does "asks this Court to consider that pursuant to *Martinez v. Ryan* … and *Trevino v. Thaler* … procedural bars do not apply to Petitioner's writ since [his state] habeas corpus was filed without counsel" and "raised a claim of Ineffective Assistance of Counsel." Dkt. No. 3 at 15-16.

Insofar as he bases a tolling argument on *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), "[u]nder *Martinez* and *Trevino*, the ineffectiveness of state habeas counsel may excuse a petitioner's procedural default 'of a single claim' – ineffective assistance of trial counsel," *Murphy v. Davis*, 732 F. App'x 249, 256-57 (5th Cir. 2018) (per curiam) (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017)); *accord Ayestas v. Davis*, 138 S. Ct. 1080, 1093-94 (2018) ("*Trevino* permits a Texas prisoner to overcome the failure to raise a substantial ineffective-assistance claim in state court by showing that state habeas counsel was ineffective." (citing *Trevino*, 569 U.S. at 429)).

But neither decision applies "to [28 U.S.C.] § 2244(d)'s one-year limitations period." *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (order by Higginson, J.) (citing *Lombardo v. United States*, 860 F.3d 547, 557-58 (7th Cir. 2017); *Arthur v. Thomas*, 739 F.3d 611, 630-31 (11th Cir. 2014); *Bland v. Superintendent Greene SCI*, No. 16-3457, 2017 WL 3897066, at *1 (3d Cir. 2017)); *see also United States v. Robinson*, 762 F. App'x 571, 576-77 (10th Cir. 2019) (collecting authority and concluding that "it cannot be argued that *Martinez/Trevino* expressly addressed timeliness or tolling"); *Dickerson v. Davis*, No. 4:17-cv-71-A, 2018 WL

2431846, at *3 (N.D. Tex. May 30, 2018) ("Nor can petitioner rely on the *Martinez* line of cases to excuse his untimeliness. This line of cases addresses equitable exceptions to a procedural default. The bar to review at issue in this case arises from petitioner's failure to meet the *federal* limitations deadline under the AEDPA. Thus, the *Martinez* line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling." (collecting cases; citation omitted)).

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

## Recommendation

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Felix Hernandez Cisneros's 28 U.S.C. § 2254 habeas application with prejudice as time barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 3, 2023

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE