UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELIX HERNANDEZ CISNEROS, TDCJ No. 1828976, | § § § | |
| *Petitioner,* | § § | No. 3:23-CV-0470-X-BN |
| v. | § § | |
| DIRECTOR, TDCJ-CID, | § § | |
| *Respondent.* | § § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case.    [Doc. 5].    Specifically, the Magistrate Judge recommended that the Court dismiss Felix Cisneros's habeas application as time barred.    Cisneros objects on two grounds.

First, although the Magistrate Judge concluded that Cisneros never filed a state habeas petition in 2015, Cisneros disagrees, claiming that the District Clerk merely ignored—or perhaps lost—his petition.    Further, he contends that that "lack of communication" from state court personnel about his alleged petition justifies his delay.[1]    But even setting aside the time during which Cisneros allegedly struggled to contact state court personnel, he concedes that "from March 8, 2018 through . . .

---

[1] Doc. 7 at 7.

1

April, 2020" he didn't file anything that'd toll the limitations period.[2]   And that time period alone ran out 28 U.S.C. § 2244(d)'s one-year limitations period.   Even though Cisneros claims that other inmates wouldn't help him draft his legal materials during that period, such "common problems of inmates who are trying to pursue postconviction habeas relief[] do not warrant equitable tolling of the limitations period."[3]

Second, Cisneros asserts his failure to file in time constitutes a procedural default that the Court should excuse, and he cites multiple cases dealing with procedural defaults.   But the Fifth Circuit has already concluded that the rules excusing procedural default "do[] not apply to § 2244(d)'s one-year limitations period."[4]   Cisneros provides no reply to that precedent.

Accordingly, the Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error.   Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the Magistrate Judge.   Cisneros's 28 U.S.C. § 2254 habeas application is dismissed with prejudice as time barred.

---

[2] Doc. 5 at 8.

[3] *Webster v. Stephens*, No. 4:13-CV-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) (McBryde, J.) (rejecting an inmate's argument that his "reliance on prisoner 'writ writers'" caused an excusable delay).

[4] *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017).

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability.   The Court adopts and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendation in support of its finding that Cisneros has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling."[5]

If Cisneros elects to file a notice of appeal, he must either pay the appellate filing fee or move for leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED** this 9th day of April, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[5] *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

3